```
                                    FILED
                                  SEP 29 2011
                            CLERK, U.S. DISTRICT COURT
                          SOUTHERN DISTRICT OF CALIFORNIA
                          BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH, CDCR #C-23700<br><br>                    Plaintiff,<br><br>vs.<br><br>UNKNOWN FBI AGENTS IN SAN DIEGO,<br><br>                    Defendants. | Civil No.   11-CV-2106 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A**<br><br>**(2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**<br><br>[Docket No. 2] |

Plaintiff Muharem Kurbegovich, currently incarcerated at Corcoran State Prison located in Corcoran, California and proceeding pro se, has filed a Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP").

**I.    Initial Screening per 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of

whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

Plaintiff's Complaint is nearly incomprehensible and contains ramblings about being held as an "enemy combatant." (Compl. at 3.) He also claims that he issues orders for Charles Manson, whom he claims is the head of the Al Qaeda organization, to follow. (*Id.* at 3.)

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under § 1915A because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Id.* at 325, 328. Thus, the Court dismisses the entirety of Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A.

## II. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A. Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile." (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996))).

2. Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

///
///

3. Plaintiff's Motion to Proceed IFP [Docket No. 2] is **DENIED** as moot. The Clerk shall enter judgment for the Defendants and close the file.

**IT IS SO ORDERED.**

DATED: September 28, 2011

HON. ROGER T. BENITEZ
United States District Court Judge